Case 4:20-cr-00504 Document 109 Filed on 03/23/22 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
March 23, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 4:20-CR-504 |
| § | |
| DREXEL ANDRE FERGUSON et. al., § | |
| § | |
| Defendants. § | |
| § | |

## ORDER AND REASONS

Defendants Drexel Ferguson, Frederick Eli, and Latrell Phillips (collectively Defendants) are facing federal charges of burglarizing a pharmacy engaged in dispensing controlled substances, 18 U.S.C. § 2118(b), and related drug offenses. They were charged with state offenses relating to the same conduct. The United States Attorneys' Office thus filed a DOJ Dual Prosecution Form to authorize this prosecution as DOJ's Petite Policy allows dual prosecutions only if the state prosecution left a substantial federal interest unvindicated. Defendants seek disclosure of that form under *Brady v. Maryland*, 373 U.S. 83 (1963). Docket Entry Nos. 101, 103. For the reasons that follow, the Court DENIES the underlying motion and its supplement.

Defendants cite no court decision ever requiring disclosure of DOJ's internal Dual Prosecution Form. That is not surprising. Federal Rule of Criminal Procedure 16(a)(2) exempts from disclosure "reports, memoranda, or other internal government documents made by an attorney for the government . . . in connection with investigation or prosecuting the case." That describes the Dual Prosecution Form.

Nor is there a constitutional *Brady* right to the document. The Double Jeopardy Clause allows different sovereigns to prosecute the same conduct. *See Gamble v. United States*, 139 S. Ct. 1960 (2019) (reaffirming longstanding dual-sovereignty doctrine). There thus is no constitutional impediment to this prosecution. As a matter of policy, DOJ tries to limit potential abuse of the dual-sovereignty doctrine by requiring centralized approval of decisions to federally prosecute conduct the state has also charged. *See* UNITED STATES ATTORNEY'S MANUAL § 9-2.031; *see also United States v. Romans*, 823 F.3d 299, 326 (Costa, J., concurring) (explaining how the Petite Policy is a constraint on the broad authority the Supreme Court's narrow reading of the Double Jeopardy Clause gives DOJ). Because that policy is a matter of DOJ discretion, there is no judicially enforceable right relating to the Petite Policy. *See United States v. Harrison*, 918 F.23d 469, 475 (5th Cir. 1990). In other words, a federal prosecutor could completely disregard the policy and bring a prosecution without seeking Main Justice approval and there is nothing a court can do about that (of course, there might be internal DOJ sanctions). *Id*.

So how can it be that when the prosecutor does obtain a waiver the defense is entitled to the relevant documentation to "demonstrate that DOJ has authorized prosecution without proper consideration as mandated by the Petite Policy"? *See* Joint Defense Motion for Disclosure 1. Defendants' initial motion contemplates some sort of judicial review of the Government's determination of an unvindicated federal interest. *See, e.g.,* id. at 5 ("We do not believe that valid factors existed to find an unvindicated interest justifying Defendants' follow along federal prosecutions."). The caselaw cited above—plus a lot more out there this order does not cite—rejects that notion.

After the Government's response identified the law on unreviewability of Petitie Policy decision, Defendant's reply changed course and asserted two new

2 / 5

grounds for disclosure of the Dual Prosecution Form: (1) the form might support a vindictive prosecution claim and (2) the firm might be relevant to sentencing. The reply also included evidence that was not presented in the motion itself. Arguments and evidence need to be advanced in the motion itself; the problem with new arguments in replies is that the other side is not entitled to a response. The Court will nonetheless consider the claims raised in the reply brief.

For their first argument, Defendants cites Fifth Circuit caselaw suggesting the possibility that there is an exception to the dual sovereignty doctrine when "prosecution by one sovereign is used as a cover or tool for successive prosecution by another sovereign." *United States v. Cooper*, 949 F.2d 737 (5th Cir. 1991). Defendants cite no Fifth Circuit case actually recognizing such an exception let along finding that such impermissible collusion existed. Assuming the exception does exist, Defendants have not made a *prima facie* showing that would justify disclosure of the Dual Prosecution Form to see if it supports the claim.

The evidence Defendants cite does not indicate that "one prosecution was a mere tool of the other sovereign's authorities." *United States v. Harrison*, 918 F.2d 469, 475 (5th Cir. 1990). The evidence all stems from interviews of Ferguson and Eli in March 2018—months before they were indicted in state court and 2 ½ years before they faced federal charges. Both an FBI agent and HPD Officer interviewed Ferguson. There is nothing unusual about joint state/federal investigative task forces. The agent's and officer's statements that Defendants highlight largely show they were frank with Ferguson, telling him that he might face federal charges (despite just being in state jail at the time). *See, e.g.,* Defendants Reply 5 ("Officer Levrier: I'm going to explain to you, we're going to start the federal paperwork next week. It gets started next week."); *id*. ("FBI SA Chris Menard: "Maybe you know or don't know, but stealing dope out of a DEA controlled facility is a federal crime. So, you can do fed time on that . . . for actually being involved in the breaking in . .

. and you can also do [state] time for the actual dope possession."). Despite Defendants' contention to the contrary, none of this evidence shows that the US Attorney's Office was already involved in the case. But even if it were, the Defendants' do not show that DOJ in any way coordinated or oversaw Harris County's prosecution of the state charges. The fact that the agent and officer told Ferguson he could face federal charges belies any notion that DOJ masterminded a plot to have state prosecutors secure guilty pleas only to then surprise the Defendants with federal charges. Having reviewed the evidence Defendants submit, it largely shows routine and honest law enforcement questioning that does not come close to showing some sort of improper collusion in the prosecution of these crimes at both the state and federal level.

      The second new argument in Defendants' reply brief contends that the Dual Prosecution Form might have some relevance at sentencing. The *Brady* right does indeed extend to information that might mitigate sentencing. But the Defendants confuse the relevance of their state sentences to sentencing with the relevance of the Dual Prosecution Form. In the event Defendants are convicted and face sentencing, the Court will certainly consider the punishment they received for the same conduct in state court when arriving at a sentence that is "sufficient, but not greater than necessary," to achieve the statutory sentencing objectives. 18 U.S.C. § 3553(a). It appears that at least some Defendants received lengthy sentences in state court, so the Court will be curious to hear why the Government believes those sentences are insufficient and that substantial additional federal time is needed. But that can be done through questioning of the AUSA. The government's apparent view that the state sentences are insufficient to vindicate the federal interest is not *mitigating* evidence. The Court sees no *Brady*-based obligation for disclosure of the Dual Prosecution Form. Most of the arguments the defense makes in this section of their reply brief merely rehash the incorrect view that Defendants are entitled to the Dual

Prosecution Form to show that the Government improperly concluded that it had an "interest in obtaining a conviction." Defendants Reply 9.

Having reviewed all of the filings, as well as the evidence Defendants submitted, the Court sees no basis for the unprecedented relief of requiring the Government to disclose its internal deliberations about the Petite Policy.

The motions for disclosure (Docket Entry Nos. 101 and 103) are DENIED.

Signed this 23rd day of March, 2022.

_____
Gregg Costa
United States Circuit Judge[1]

---

[1] Sitting by designation